UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-61693-CV-SCOLA
MAGISTRATE JUDGE REID

TERRY PRYOR,

     Plaintiff

v.

DOROTHY FERRARO, et al.,

     Defendants.

_____/

## REPORT OF MAGISTRATE JUDGE

### I.   Introduction

Plaintiff, **Terry Pryor**, while incarcerated at Moore Haven Correctional and Rehabilitation Facility, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 [ECF 1], alleging that Defendants violated his rights under the First Amendment and Due Process Clause of the Fourteenth Amendment by denying him access to public records in violation of Chapter 119, Florida Statutes and Article I, Section 24(a), Florida Constitution. [*Id*. p. 2]. However, construing Plaintiff's arguments liberally *see Haines v. Kerner*, 404 U.S. 519 (1972), as can best be discerned, Plaintiff is arguing that his constitutional rights were violated and that he has been denied his right to access to the courts.

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Administrative Order 2019-2. [ECF 2].

Plaintiff has been granted permission to proceed *in forma pauperis* ("IFP") [ECF 8], and is therefore subject to the screening provisions of 28 U.S.C. § 1915(e)(2). *See Farese v. Scherer,* 342 F.3d 1223, 1228 (11th Cir. 2003) ("Logically, § 1915(e) only applies to cases in which the plaintiff is proceeding IFP."). Further, because the Plaintiff is also a prisoner, seeking redress from governmental entities, employees, or officers, his complaint is subject to screening under 28 U.S.C. § 1915A, which does not distinguish between IFP plaintiffs and non-IFP plaintiffs. *See* 28 U.S.C. § 1915A; *see also Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007).

Accordingly, as discussed below, the Undersigned **RECOMMENDS** that Plaintiff's Complaint [ECF 1], be **DISMISSED** for failure to state a claim on which relief may be granted.

## II.   Background

On August 29, 2001, a hearing for motion for new trial and motion for modification, reduction, or mitigation of sentence was held, and the motion was denied, in Plaintiff's criminal case in Broward County Circuit Court, Case No. 01-5124-CF-10-A. [ECF 1, p. 2]; *see State of Fla. v. Pryor*, Case No. 01-5124-CF-10-A, Hrg. Held on Defense Motion for New Trial (Fla. 17th Cir. Ct. Aug. 29, 2001).

The Undersigned takes judicial notice of the above state court record. *See* Fed. R. Evid. 201(b)(2) (A court "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see also Cunningham v. Dist. Att'y's Office*, 592 F.3d 1237, 1255 (11th Cir. 2010) (taking judicial notice of federal and state court records).

Plaintiff alleges that Defendants, acting in their official and individual capacities, failed to produce all non-exempt public records requested by Defendant, which were related to the August 29, 2001 hearing. Plaintiff contends that this failure continues to cause and has caused him, irreparable harm. [*Id*. p. 5].

Liberally construing Plaintiff's Complaint, it appears that he is arguing that his constitutional rights were violated, and that he has been denied his right to access to the courts. *See* [ECF 1]. Plaintiff seeks a "declaratory injunction or judgment," "monetary damages," and "attorney's fees." [*Id*. p. 8].

### III.    Standard of Review

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *See Griffin v. City of Opa Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001) (citation omitted). Under both 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A, a complaint must be dismissed if the court determines that the complaint fails to state a claim upon

which relief can be granted. *See Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). When reviewing the complaint, the court takes the allegations made as true. *See Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).

The same standard is used for dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and § 1915(e)(2)(B)(ii). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, the court may dismiss a complaint that fails "[t]o state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

In order to "[a]void dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright*, 740 F. App'x at 694 (citing *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017)) (per curiam). Although, as stated before, a *pro se* pleading is liberally construed, it still must "[s]uggest that there is some factual support for a claim." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

Additionally, each separate claim should be presented in a separate numbered paragraph, with each paragraph "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Finally, under section 1915(e)(2)(B)(ii), courts must dismiss as frivolous claims that are "[b]ased on an indisputably meritless legal theory . . ." or "[w]hose factual contentions are clearly baseless." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

## IV. Discussion

1) <u>Legal Standard for Denial of Access to the Courts</u>

An indigent litigant has a fundamental right to have access to the courts. *See Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015). This right of access requires that an inmate have a "[r]easonably adequate opportunity to present claimed violations of fundamental constitutional rights." *Id*. (citing *Vanderberg v. Donaldson*, 259 F.3d 1321, 1323 (11th Cir. 2001). "States should provide a trial transcript or adequate substitute in order to provide for 'adequate and effective' appellate review." *Id*. (citing *Griffin v. Illinois,* 351 U.S. 12, 20 (1956)).

"A prisoner alleging an access-to-the-courts violation must show (1) actual injury; and (2) a non-frivolous, arguable underlying claim." *Id*. (citing *Barbour v. Haley,* 471 F.3d 1222, 1226 (11th Cir. 2006). "Examples of actual injury include missing filing deadlines or being prevented from presenting claims." *Id*. (citing *Wilson v. Blankenship,* 163 F.3d 1284, 1290 n. 10 (11th Cir. 1998) (noting that Plaintiff failed to state a claim where he alleged that lack of transcripts rendered him

unable to raise claims before the state court because these allegations did not amount to actual injury as to his state habeas petition on appeal).

Moreover, for an inmate to state a claim that he was denied access to the courts, he must establish that he suffered "actual injury" by showing that the defendant's actions hindered his ability to pursue a nonfrivolous claim. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *see also Jackson v. State Bd. of Pardons & Paroles*, 331 F.3d 790, 797 (11th Cir. 2003).

The pursuit of claims which are protected are those in which a plaintiff is attacking his sentence, directly or collaterally, or challenging the conditions of his confinement. *See Lewis v. Casey*, 518 U.S. 343, 354-55 (1996). In other words, the "only specific types of legal claims [which] are protected by this right [are] the nonfrivolous prosecution of either a direct appeal of a conviction, a habeas petition, or a civil rights suit." *Hyland v. Parker*, 163 F. App'x. 793, 798 (11th Cir. 2006) (citing *Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998)).

A) *Claims against Defendants in their Official Capacity*

Plaintiff brings claims against Dorothy Ferraro ("Ferraro"), C. Trant, Court Reporter ("Trant"), and Howard C. Forman ("Forman"), in their individual and official capacity. Plaintiff solely brings claims against the Office of the Public Defender for the Seventeenth Judicial Circuit for Broward County ("Broward Public Defender's Office") and Apex Court Reporter ("Apex") in their official capacity.

6

Plaintiff has provided only vague and conclusory allegations to support his official capacity claim. In fact, Plaintiff's only allegations against Defendants in their official capacity are that Defendants "[a]re an agency within the meaning of Chapter 119, Florida Statutes." [ECF 1, pp. 1-2].  Under *Monell*, a plaintiff can only pursue official capacity claims if there was an unofficial policy or custom that caused a constitutional violation. *See Walker v. City of Calhoun, Ga.*, 901 F.3d 1245, 1255 (11th Cir. 2018) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978)). Because Plaintiff's allegations do not allege that there was an unofficial policy or custom that caused a constitutional violation, Plaintiff fails to state a claim upon which relief may be granted against all Defendants in their official capacity.

### B) *C. Trant, Court Reporter*

Plaintiff brings this cause of action against Trant, in her individual and official capacity. Plaintiff alleges that Trant prepared and filed Plaintiff's trial transcripts, but that the transcripts from the August 29, 2001 hearing were not filed with his trial transcripts. [ECF 1, p. 2]. Plaintiff then contends that on October 28, 2002, he appealed his criminal case, which was *per curiam* affirmed in *Pryor v. State*, 829 So. 2d 230 (Fla. 4th DCA 2002) (per curiam), without the benefits of the transcript of the August 29, 2001 hearing. [*Id.* p. 2].

Court reporters are not "entitled to absolute immunity . . . ." *Jenkins*, 620 F. App'x at 712 (holding that Plaintiff should be given opportunity to amend complaint

against court reporter). However, Plaintiff does not allege how the failure to include the August 29, 2001 hearing transcript with his appeal caused him injury, and what benefit this hearing transcript would have produced. Plaintiff vaguely contends that the failure to include the hearing transcript caused him irreparable harm but does not allege the harm that was caused. [ECF, p. 5]. Moreover, "court reporters are not liable in a section 1983 case for innocent errors, even if negligent." *Id.* (quoting *Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006).

Accordingly, because Plaintiff's allegations implicate no constitutional right, and because Plaintiff does not allege that he suffered any actual injury, he fails to state a claim upon which relief may be granted.

### C) Apex Court Reporter

Plaintiff brings this cause of action against Apex in its official capacity. However, liberally construing Plaintiff's Complaint, Plaintiff appears to bring a cause of action against Apex Court Reporter under a theory of vicarious liability or *respondeat superior*. However, "[s]ection 1983 will not support a claim based on a *respondeat superior* theory of liability." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (citing *Monell v. New York City Dept., of Social Servs.*, 436 U.S. 658, 693 (1978)).

As such, Apex Court Reporter cannot be held liable for the actions of its subordinate, Trant, under a theory of vicarious liability or *respondeat superior*. *See*

*Hartley v. Parnell,* 193 F.3d 1263, 1269 (11th Cir. 1999) (quoting *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994)) ("It is well established in this circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the 'basis of *respondeat superior* or vicarious liability.'") (emphasis added).

Moreover, Plaintiff does not allege that Apex Court Reporter adopted a practice or policy that led to the violation of Plaintiff's constitutional rights or directed Trant to act unlawfully or that they otherwise knew Trant would act unlawfully. "Supervisory liability ... occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional violation . . .." *See Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003) (internal citations and quotations omitted).

Accordingly, Plaintiff fails to state a claim upon which relief may be granted against Apex Court Reporter.

### C) *Howard C. Forman, Broward County Clerk of Court*

Plaintiff brings this cause of action against Howard C. Forman, Broward County Clerk of Court, in his official and individual capacity. Plaintiff alleges that he made multiple attempts to no avail, on April 30, 2003, May 26, 2004, and February 23, 2008, respectively, to request the transcript of the August 29, 2001

hearing from the Clerk of Court of Broward County ("Clerk of Court"). [ECF 1, pp. 3-5].

More specifically, Plaintiff contends that he sent a letter to the Clerk of Court for Broward County regarding his August 29, 2001 transcript. [*Id*. p. 4; Ex. J, p. 53-54]. Plaintiff then alleges that on July 17, 2013, the Clerk of Court of Broward County responded to Plaintiff's inquiry, stating that he should contact the court reporting agency to obtain his transcripts. [*Id*. p. 5; Ex. M, p. 60].

Liberally construing Plaintiff's Complaint, he is bringing a claim for denial of access to the courts. However, Plaintiff has not made any allegations as to any alleged wrongdoing by Forman. *See Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018) (holding that although Plaintiff alleged that the clerks failed to perform a mandatory duty, Plaintiff did not specify what that duty was, and thus, there was no support for Plaintiff's allegation). Moreover, the Clerk's office stated that they were not in possession of the transcript. [ECF 1, Ex. M, p. 60]. Lastly, Plaintiff once again does not allege any actual injury. *See Jenkins*, 620 F. App'x at 711.

Accordingly, Plaintiff fails to state a claim upon which relief may be granted against Forman.

### D) *Dorothy Ferraro, Assistant Public Defender*

Plaintiff also brings this cause of action against Dorothy Ferraro, Assistant Public Defender ("Defendant Ferraro") in her individual and official capacity.

Plaintiff alleges that he requested a transcript of the August 29, 2001 hearing from Ferraro, who represented him in his criminal case. [ECF 1, p. 3]. Plaintiff alleges that he requested the transcript on February 24, 2004 and April 27, 2004. [*Id.*] He contends that On March 24, 2004, Ferraro notified Plaintiff that she would attempt to track down the August 29, 2001 hearing transcript. [*Id.*].

Subsequently, on August 31, 2006, Plaintiff filed a petition for writ of mandamus in his criminal case to compel Ferraro to relinquish the August 29, 2001 hearing transcript. [*Id.* p. 4; Ex. A, pp. 11-14]. Ferraro responded to the writ of mandamus, stating that she had never been in custody of the August 29, 2001 hearing transcript. [*Id.* p. 4; Ex. F, pp. 33-35].

"Public defenders, although employed by the government, are not typically viewed as acting under color of state law." *Hall v. Tallie*, 597 F. App'x 1042, 1044 (11th Cir. 2015) (citing *Tower v. Glover*, 467 U.S. 914, 920 (1984)). In fact, "[a] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

However, a public defender may be subject to liability under § 1983 where they engage in intentional misconduct through "[a]lleged conspiratorial actions with state officials that deprives their clients of federal rights." *Tower,* 467 U.S. at 923. "In order to prevail on a civil rights action under § 1983, a plaintiff must show that

he or *she was deprived of a federal right by a person acting under color of state law." Griffin,* 261 F.3d at 1303 (citation omitted) (emphasis added).

Here, Plaintiff has not alleged that Ferraro participated in a conspiracy. Ferraro is not a state actor under § 1983 with respect to performing a lawyer's traditional functions. *See Hall*, 597 F. App'x at 1044 (affirming dismissal of complaint for failure to state a claim against public defender); *see also Grider v. Cook*, 590 F. App'x 876, 877-88 (11th Cir. 2014). As such, Plaintiff fails to state a claim upon which relief may be granted against Ferraro. *See Rolle v. Glenn*, 712 F. App'x 897, 899 (11th Cir. 2017).

### E) *Broward County Public Defender's Office*

Plaintiff has also filed the instant Complaint against the Office of the Public Defender for the Seventeenth Judicial Circuit for Broward County (Broward Public Defender's Office)" in its official capacity. In construing Plaintiff's allegations liberally against the Broward Public Defender's Office, under a theory of *respondeat superior*, "[s]ection 1983 will not support a claim based on a *respondeat superior* theory of liability." *Polk County*, 454 U.S. at 325 (citing *Monell v. New York City Dept., of Social Services*, 436 U.S. 658, 693 (1978)).

Furthermore, "[t]he Office of the Public Defender is not a person under color of state law." *Coleman v. Miami-Dade County*, No. 12-23216-CIV, 2013 WL 5429941, at *4 (S.D. Fla. Sept. 27, 2013) (citation omitted); *see also Morgado v.*

12

*State of Fla.*, No. 4:16-cv-94-RH-GRJ, 2016 WL 1165821, at *1 (N.D. Fla. Feb. 18, 2016). As such, Plaintiff fails to state a claim upon which relief may be granted against the Broward Public Defender's Office.

    2) <u>Statute of Limitations</u>

Section 1983 claims are governed by the forum states' residual personal injury statute of limitations, and, in Florida, a plaintiff must commence a § 1983 claim "[w]ithin four years of the allegedly unconstitutional or otherwise illegal act." *Burton v. City of Belle Glade,* 178 F.3d 1175, 1188 (11th Cir. 1999) (citation omitted); *see also* Fla. Stat. Ann. § 95.11(3)(p). A court may dismiss a complaint *sua sponte* for failure to state a claim for relief under 28 U.S.C. § 1915(e)(2)(B)(ii), if Plaintiff's claims are time-barred. *See Rembert v. State of Fla.*, 572 F. App'x 908, 908-09 (11th Cir. 2014); *see also Barcelona v. Fogelgren*, 664 F. App'x 884, 886 (11th Cir. 2016) ("The district court properly denied [Plaintiff] leave to amend because any amendment to his pleading would have futile in light of [Plaintiff's] inability to overcome the statute-of-limitations bar.").

The general federal rule is that the statute of limitations does not begin to run until "[t]he facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Salas v. Pierce*, 297 F. App'x 874, 877 (11th Cir. 2008) (quoting *Brown v. Georgia Bd. of Pardons and Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003). To determine when a plaintiff

could have sued for an injury, the court first must identify the injury alleged. *See Rembert*, 572 F. App'x at 908-09.

Here, as evidenced above, Plaintiff does not allege any actual injury. Plaintiff, however, contends that he became aware that his appeal was *per curiam* affirmed in the Fourth District Court of Appeals on October 28, 2002, without the benefit of the August 29, 2001 hearing transcript. [ECF 1, p. 3].

Alternatively, Plaintiff contends that on July 17, 2013, "[t]he Clerk of Court of Broward County responded to [P]laintiff that its office could not provide the transcripts for the hearing that was held on August 19, 2001 . . . ." [ECF 1, p. 5]. Therefore, at best, Plaintiff became aware of his inability to obtain the transcripts as of July 17, 2013. The instant Complaint was filed on July 3, 2019. Accordingly, Plaintiff's § 1983 claim was not commenced within four years of the allegedly unconstitutional or otherwise illegal act, and Plaintiff's Complaint is time-barred. *See Burton*, 178 F.3d at 1188.

3) Plaintiff's Request for Declaratory Relief

Plaintiff is also requesting that the Court "[e]nter a declaratory injunction or judgment that the Public Records Act, [Chapter 119, Florida Statutes] creates a 'duty of each agency to provide access to public records to be inspected and copied by any person desiring to do so." [ECF 1, p. 8].

14

A federal district court is empowered to issue a declaratory judgment by the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. Section 2201 provides, in pertinent part:

> In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201.

That statute, echoing the "case or controversy" requirement of Article III of the Constitution, provides that a declaratory judgment may only be issued in the case of an "actual controversy." *Emory v. Peeler*, 756 F. 2d 1547, 1551-52 (11th Cir. 1985). "That is, under the facts alleged, there must be a substantial continuing controversy between parties having adverse legal interests." *Emory*, 756 F. 2d at 1552 (citations omitted).

A finding that there is a continuation of the dispute may be reasonably inferred. *See Id*. However, that "continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate and create a definite, rather than speculative threat of future injury." *Id*. A "remote possibility" of "future injury" is not enough. *Id*.

Here, as demonstrated above, there is no substantial continuing controversy between the parties having adverse legal interests. Any continuing controversy

would be conjectural or hypothetical. Thus, Plaintiff has not demonstrated the necessary requisite for the Court to enter a declaratory injunction or judgment.

## V.    Conclusion

Based on the foregoing, it is **RECOMMENDED** that Plaintiff's Complaint [ECF 1] be **DISMISSED** for failure to state a claim upon which relief may be granted.

Objections to this report may be filed with the District Court Judge within fourteen days of receipt of a copy of the report. Failure to do so will bar a *de novo* determination by the District Court Judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 149 (1985); *RTC v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993).

**SIGNED** this 21st day of October, 2019.

_____
UNITED STATES MAGISTRATE JUDGE


cc:    **Terry Pryor**
       183085
       Moore Haven Correctional Facility
       Main Unit
       Inmate Mail/Parcels
       P.O. Box 719001
       Moore Haven, FL 33471
       PRO SE