United States District Court
for the
Southern District of Florida

| Terry Pryor, Plaintiff, | ) |
| --- | --- |
| | ) |
| v. | ) Civil Action No. 19-cv-61693-Civ-Scola |
| | ) |
| Dorothy Ferraro and others, | ) |
| Defendants. | ) |

### Order Adopting Magistrate's Report and Recommendation

This § 1983 case was referred to United States Magistrate Judge Lisette M. Reid for a ruling on all pre-trial, nondispositive matters, and for a report and recommendation on any dispositive matters. On October 21, 2019, Judge Reid issued her report and recommendation after screening pro se prisoner Plaintiff Terry Pryor's *in forma pauperis* complaint under 28 U.S.C. § 1915. (ECF No. 9.) Judge Reid concluded that Pryor's complaint failed to state a claim upon which relief may be granted and was also filed beyond the applicable statute of limitations. Pryor has objected to the report (Pl.'s Objs., ECF No. 10.) After careful review, the Court **adopts** Judge Reid's report and recommendation (**ECF No. 9**).

In his complaint, Pryor complains that Defendants Dorothy Ferraro, C. Trant, Howard C. Forman, the Office of the Public Defendant for the Seventeenth Judicial Circuit for Broward County, and Apex Court Reporter violated his rights by failing to provide him or the state appellate court with a particular post-trial hearing transcript. (Compl., ECF No. 1, 1–3.) On the other hand, he acknowledges the appellate court was provided with all the appropriate trial transcripts. (Compl. at ¶ 6.) Since April 30, 2003, after Pryor's criminal conviction was affirmed, per curiam, on appeal in October 2002, it appears Pryor has sought—to no avail—the transcript for an August 2001 post-trial hearing on his motions for a new trial and for the modification, reduction, or mitigation of his sentence. (*Id.* at 3.) Pryor has been repeatedly advised by various Defendants that there was no transcript on file for that particular hearing that he would need to contact the court reporting service directly for it. Construing his complaint liberally, Judge Reid interpreted Pryor's allegations to amount to a claim for the denial of his right to access the courts. After a de novo review, the Court agrees with Judge Reid's ultimate conclusions that (1) Pryor has not stated a claim for which relief may be granted and (2) the statute of limitations has, in any event, run on any claim he might have.

Most importantly, to state a claim for the denial of access to the courts, "a plaintiff must show actual injury by 'demonstrating that a nonfrivolous legal claim has been frustrated or impeded.'" *Jackson v. State Bd. of Pardons & Paroles*, 331 F.3d 790, 797 (11th Cir. 2003) (quoting *Lewis v. Casey,* 518 U.S. 343, 353 (1996) (alterations omitted). "Examples of actual injury include 'missing filing deadlines or being prevented from presenting claims.'" *Owens v. Christian*, 517CV00190TESCHW, 2018 WL 6005426, at *2 (M.D. Ga. Nov. 15, 2018) (quoting *Denney v. Nelson*, 304 F. App'x 860, 863 (11th Cir. 2009)). Here, Pryor has failed to set forth facts supporting his conclusory claim that not having the August 2001 hearing transcript has resulted in "irreparable harm to him." (Compl. at ¶ 28.) As such, he fails to allege an actual injury.

Furthermore, the last time Pryor claims he was denied the transcript was on July 17, 2013, when the Clerk of Court of Broward County advised him, once again, to contact the court-reporting agency. (Compl. at ¶ 25.) Even if this date were, generously, considered the start of his limitations period, the four-year statute of limitations of a § 1983 claim in Florida has long since run. *Burton v. City of Belle Glade,* 178 F.3d 1175, 1188 (11th Cir. 1999) ("[A] plaintiff must commence a § 1983 claim arising in Florida within four years of the allegedly unconstitutional or otherwise illegal act."). Pryor's objections to the contrary are unavailing. In his objections, he maintains he was not truly aware, until May 2019, that the Defendants were conspiring to deprive him of the transcript. But Pryor's requests for the hearing transcript have been denied continuously since, according to his complaint, at least 2003—over fifteen years ago. And he has not otherwise set forth any allegations supporting his conspiracy theory.

Accordingly, the Court **adopts** Judge Reid's recommendation that Pryor's complaint should be **dismissed**. (**ECF No. 9**.) Because the Court finds any amendment would be futile, Pryor's case is dismissed **with prejudice and without leave amend**. Further, to the extent Pryor seeks relief under state law, the Court declines to exercise supplemental jurisdiction over such claims. *Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997) ("State courts, not federal courts, should be the final arbiters of state law.") The Court therefore dismisses any state-law claims Pryor may have made without prejudice to his refiling those claims in state court.

The Court directs the Clerk to **close** this case. Any pending motions are **denied as moot**. The Clerk is directed to **mail** a copy of this order to the

Plaintiff at the address indicated below.

**Done and ordered** at Miami, Florida, on November 21, 2019.

_____
Robert N. Scola, Jr.
United States District Judge

**Copy via U.S. mail to**:
**Terry Pryor**
#183085
Moore Haven Correctional Facility
Main Unit
Inmate Mail/Parcels
P.O. Box 719001
Moore Haven, Florida 33471